## Francis McCabe v. East St. Louis Lumber Company.

VERDICT—*when not disturbed as against the evidence.* A verdict will not be disturbed as against the evidence where the evidence is conflicting and it does not appear that passion, sympathy or prejudice actuated the verdict.

Assumpsit. Error to the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

Dan McGlynn, for plaintiff in error.

Keefe & Sullivan, for defendant in error.

Mr. Justice Myers delivered the opinion of the court.

This was an action in assumpsit by the East St. Louis Lumber Company, defendant in error, against Francis McCabe, plaintiff in error, brought to the April, 1904, term of the Circuit Court of St. Clair county, Illinois. The declaration consisted of a special count for merchandise, lumber and building materials sold and delivered to plaintiff in error by the defendant in error, and the consolidated common counts. To this declaration the defendant filed the general issue.

At the following September term the venue of said cause was changed to the City Court of East St. Louis, and on December 5, 1905, the plaintiff filed an additional count for long leaf, yellow pine, square edge, sound lumber sold and delivered to the defendant. To this count the general issue was filed, together with a plea of set-off in the sum of $469.34, for money paid on account of lumber purchased by defendant but never delivered. Replications to defendant's plea were filed and the case was twice tried by a jury in the City Court, resulting in a verdict each time for the plaintiff for the sum of $1,266.23. The first verdict was set aside on account of the misconduct of one of the jurors who tried the case. Motion for new trial, interposed after second verdict, was overruled by the court, and to reverse the judgment entered on the verdict this writ of error is prosecuted.

The plaintiff in error is a general contractor and in the early part of 1903 had a contract with the East St. Louis and O'Fallon Railway Company to do the grading, lay tracks, build culverts, bridges and trestles in the construction of a railway, and for this work required a large quantity of what is designated railroad lumber. He solicited bids or prices from various lumber dealers, and in response the defendant in error, acting by its general manager, Michael C. Reis, sub-

mitted an estimate or bid for certain lumber at prices aggregating $4,050. The negotiations between plaintiff in error and Reis culminated February 12, 1903, in a verbal acceptance of defendant in error's bid. On February 19, plaintiff in error wrote the defendant in error as follows:

"East St. Louis, Ill., Feb. 18, 1903.
East St. Louis Lumber Co.,
    10th St. and Air Line R. R., East St. Louis, Ill.
    Gentlemen: This is to confirm my verbal agreement with your Mr. Reis in regard to furnishing bill of lumber for my work on the O'Fallon & Lebanon Electric R. R. Line, viz.: That it must be furnished in accordance with the specifications of the engineers of the Electric Ry. Co., Litcher & Jens, and that shipments shall commence within three weeks from date, and be completed within two months thereafter.
                    Yours truly, FRANCIS M'CABE."

March 2, Reis wrote to McCabe, the plaintiff in error:

"Mr. Francis McCabe, City.
    Dear Sir: Following your telephone communication of this A. M., we have instructed the mill to make immediate shipment of your order, according to enclosed estimate with corrections and additions in Square Edge and Sound No. 1 Long Leaf Yellow Pine, Rgh., *with not more than* 1-½ *sap at each edge of any piece.* And we have urged immediate shipment. Again thanking you for the order and soliciting your future inquiries, we remain,
                    Yours truly,
                    EAST ST. LOUIS LUMBER CO.,
                    (Per H. C. Reis, Gen'l Mgr.)"

And again on March 5, Reis wrote to McCabe as follows:

"East St. Louis, Ill., March 5, 1903.
Mr. Francis McCabe, City.
    Dear Sir: The mill with which we placed your order for the E. St. L. & Suburban Railway Co. has again refused to fill the bill according to the specifications in reference to the amount of sap allowed.

Their representatives in St. Louis accepted the order and we supposed it would go through without further trouble, but we received the refusal of the mill this morning on the grounds above stated. They state that they quoted on square edge and sound long leaf timber only without regard to sap and they could not afford, at the price they offered to fill the bill, excluding anything with more than 1½ sap on either edge. They say that they believe that the greatest portion of the stock would not contain more than this amount of sap, and in some instances not over that, but their prices do not permit them to throw out anything that would contain more.

Please advise us immediately what to do in this matter and oblige.    Yours truly,

EAST ST. LOUIS LUMBER Co.
(Per M. C. Reis, Gen'l Mgr.)"

All the negotiations were between the plaintiff in error and Reis who acted for the defendant in error and for evidence of the contract we have little to aid us outside of their testimony and the correspondence here exhibited. There was no other witness to hear the conversation between Reis and McCabe during the negotiations which culminated in the contract under which the lumber was furnished. The only controversy between the parties is with reference to the quality of the lumber, its condition as to sap, and its inspection after delivery. The plaintiff in error contends that he called for bids upon lumber to be 90 per cent heart and that it should meet the requirements of the specifications of the engineers of the East St. Louis & O'Fallon Railway Company, with whom his contract for construction work was made and for which the lumber was bought. The defendant in error contends that he sold to the plaintiff in error lumber known as "No. 1 common square edged and sound," that it was an absolute sale without any qualifications and without any agreement that the lumber was subject to inspection of the engineers of the railway company in whose work it was to be used. It may not be determined from the writings alone which of the contentions should prevail. The testimony of witnesses, the statements and contentions between

the parties, the circumstances under which the contract was made, the conduct of the parties in relation thereto must all be considered that a just conclusion may be reached and the controversy decided according to the legal rights of the parties. In this it is seen that the issue is a simple one of fact and must be left to the jury. Counsel for plaintiff in error analyze and discuss the evidence at considerable length, insisting that if for no other reason, the judgment should be reversed, because the verdict was manifestly against the weight and preponderance of the evidence. We find nothing in the record of the proceeding or the character of the controversy to suggest passion, sympathy or prejudice on the part of the jury, and under the law the court is not justified in setting aside a verdict which is the conclusion of the jury upon an honest, fair and impartial consideration of the evidence in the case. In this case if the jury credited the testimony of Reis the verdict was rightly for plaintiff. If they believed plaintiff in error it should have been for the defendant. Considering the testimony of these and other witnesses, in connection with the correspondence, we are not prepared to say that the verdict is unreasonable or unwarranted. That two juries have reached the same conclusion upon the same evidence is fairly to be considered when the verdict is impeached as not being warranted by the evidence. With this view as to the evidence, further discussion on that line will profit nothing. We have carefully considered argument of counsel on other errors assigned, and find no error in the proceeding by which it may be claimed that the jury were misdirected or misled in prejudice of plaintiff in error's right to a fair trial. The evidence in the case and the contentions on trial permit instructions Nos. 2, 5, and 6, of which complaint is made. Instruction No. 4 is a correct statement of an abstract proposition of law, and though without special application in the case, was harmless. As already indicated by this opinion, the question at issue and the rights of the parties in this case, turned upon the credit to be given the testimony of plaintiff in error in his own behalf and that of Reis, the manager, for the defendant in

error.    We are constrained to hold that it was a fair trial and that the verdict of the jury is conclusive of the facts in controversy.    The judgment of the Circuit Court will therefore be affirmed.

*Affirmed.*